ON MOTION TO DISMISS FOR LACK OF JURISDICTION

PER CURIAM.
On April 6,1998, the State filed a notice of appeal in this juvenile case seeking relief from the trial court’s order, rendered March 27, 1998, granting a motion to suppress. J.M.C. filed a motion to dismiss claiming the notice of appeal was untimely because the trial court “signed” a form entitled “order,” which had been filed with the clerk on March 5,1998.[1]
Affidavits have been filed with this court describing the unusual “efficiency” procedures adopted for juvenile cases in the Twentieth Judicial Circuit Courts for Lee County. In 1997, the Juvenile Division of the Clerk of Courts stopped using court minutes in favor of a form entitled “order.” The clerk filled out this form at the hearing and then delivered it to the judge’s office. In this case, the document was not signed by the judge; the judicial assistant simply placed the judge’s name on the document, using a signature stamp. The “order” with the stamped signature was then filed and apparently served. Thereafter, the trial judge personally signed and served a formal order entitled “Order Suppressing Evidence” on March 26, 1998, which was filed on March 27,1998.[2]
Florida Rule of Appellate Procedure 9.020(h) is determinative in this matter: “An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.” The judicial assistant’s act of rubber-stamping the “order” did not result in a “signed” order within the meaning of the rule.[3] There is no indication that the judge saw the initial “order,” much less that he signed it. The time for filing the notice of appeal commenced when the signed order was filed with the clerk on March 27, 1998. The notice of appeal was timely filed. The motion to dismiss is denied.
ALTENBERND, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.

. The State is required to file such an appeal within fifteen days. See Fla. R.App. P. 9.145(c)(2).

. The affidavits indicate that a follow-up order was not always prepared. If this is the case, there may be cases in which rendered orders do not exist. We do not confront that problem today.

.This court is not addressing an instance when the original, signed order of the court is accidentally transmitted to a party and the only order of record is an order with a stamped signature.